cc: DKW/RT/FILER

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 09 2022

at 1 o'clock and 00 min. P M
CLERK, U.S. DISTRICT COURT
LS

David White

_____
Petitioner

v.

Case No. CV22 00213 DKW RT
_____
(Supplied by Clerk of Court)

Estela Derr

_____
Respondent
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: David White
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: FDC Honolulu
   (b) Address: P.O. Box 30080
               Honolulu, Hawaii 96820
   (c) Your identification number: 06317-122

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court
       Honolulu, Hawaii
   (b) Docket number of criminal case: 1:19CR00071-001
   (c) Date of sentencing: 12/02/2020
   ☐ Being held on an immigration charge
   ☐ Other (explain):

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Received By Mail
Date MAY 09 2022

FSC Complaint, Mailed On
D.O., BLAWK IFP, Date 5/10/2022
P.S. Handbook.

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: FDC Honolulu
   (b) Docket number, case number, or opinion number: None
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   FDC Honolulu has communicated to the Petitioner that he has an active detainer which is preventing the accumulation of First Step Act Credits and has a history which includes an escape which is preventing participation in REDAP.
   (d) Date of the decision or action: May 2, 2022

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes  ☒ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: _____
      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

   (b) If you answered "No," explain why you did not appeal: This decision was communicated to the Petitioner without documentation. The Petitioner's Unit Manager (Robl) has not provided documents to support his (Robl's) claims. Without documentation

8. ~~Second appeal~~ appeal is not possible within the BOP
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes  ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☐ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☐ No
If "Yes," answer the following:
    (a)      Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
         ☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes       ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes       ☐ No
If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes       ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes       ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____

_____

_____

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes       ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Respondent's Unit Manager (Robl) and case managers have told the Petitioner that he has a criminal detainer from the island of Hawaii that is preventing his participation of the RDAP program.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The Petitioner has requested a review for RDAP participation that has been denied due to FDC Honolulu's allegation that the Petitioner has an outstanding detailer. The Petitioner's BOP Needs Sheet for 7/2021 (see attached A) and 1/2022 (see attached B) clearly state that the Petitioner has "NO DETAINER". Honorable Judge Watson (HI Dist. Court) recommended RDAP for the Petitioner, but FDC Honolulu will not process

(b) Did you present Ground One in all appeals that were available to you?   ***XCONTINUED***
☒ Yes          ☐ No

**GROUND TWO:** The Respondent's Unit Manager and case managers have stated that the Petitioner is not First Step Act (FSA) eligible due to an "escape".

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The Petitioner was issued a Sentence Monitoring Computation Data Sheet (see attached C) on 2/11/2022 that states that the Petitioner is FSA "ELIGIBLE". This would not be the case with an escape charge or conviction. It is the Petitioner's contention that the Respondent and FDC Honolulu is deliberately stalling the application of First Step Act credits to keep inmates from leaving the facility and transferring

(b) Did you present Ground Two in all appeals that were available to you?   ***CONTINUED***
☒ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

GROUND ONE SUPPORTING FACTS CONTINUED

the Petitioner for an interview for RDAP placement and will not transfer the Petitioner to a programming facility. This alleged detainer also prevents the Petitiion form placement is a camp facility which he is qualified for.

The Petitioner asked Unit Manager Robl for proof of the detainer and Mr. Robl refuses to provide such documentation.

GROUND TWO SUPPORTING FACTS CONTINUED

to the "mainland". Multiple inmates have filed 2241 petitions and "Bivens" actions referencing what Unit Manager Robl refers to as a "bodies" policy. This "bodies" policy put in place by the Respondent stalls or prevents the transfer of inmates in order to maintain population levels at FDC Honolulu. This is further evident in the United States District Court of Hawaii 2241 petition filing by inmate Keegan (Keegan v. Derr). In Keegan, FDC Honolulu has deliberately miscalculated FSA Time Credits in order to deprive the inmate of earn Credits and keep him at FDC Honolulu.

The Petitioner has no history of escape and has never been charged with this type of offense. Furthermore, Unit Manager has been asked by the Petitioner to provide proof or documentation of the escape charge in order to address the issue within the BOP and Mr. Robl refuses to do so.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15. State exactly what you want the court to do:   Order the Respondent to apply existing FSA Time Credits, follow Honorable Judge Watson's recommendation for placement in an RDAP program, provide proof of an escape conviction and detainer or cease using these excuses for denying the Petitioner the right to particpate in programming or transfer to a facility that offers the program that Honorable Judge Watson recommended.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
May 3, 2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: May 2, 2022

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_